Contracts; disputes; scope of review of Court of Claims; substantial evidence; delays; liquidated damages; substantial performance; useful capability. — Plaintiff was the successful bidder on a contract awarded by the Interior Department for road construction in Humboldt County, Nevada, to be completed in 180 days. Performance was inhibited by bad weather, and after giving effect to Government-ordered stoppages and time extensions, plaintiff was assessed liquidated damages for 43 days’ late completion. On appeal the board remitted 11 days of the liquidated damage assessment and otherwise denied the appeal on the merits including rejection of plaintiff’s contention that the 87.8% completion achieved within the contract’s allotted performance period, as extended, constituted substantial completion thereby expunging all liquidated damages. Plaintiff sues in this court challenging the validity of the board decision on the ground that it is legally and factually deficient according to the finality criteria of the Wunderlich Act. In a recommended decision filed May 14,1973 Trial Judge George Willi concluded that there was substantial evidence to support the board’s find *1119 ings; that plaintiff’s proof ‘as to weather delays was totally deficient in that it consisted solely of statewide Commerce Department and Agriculture Department reports which did not reflect weather conditions at the jobsite; that although a change order underwent four modifications before it was mutually acceptable to the parties and in ultimate form increased the total contract price by 12.6%, these considerations are not in themselves sufficient to demonstrate or even suggest that the problems addressed by the change order and their subsequent resolution delayed overall completion by more than the 10 days allowed thereunder; that although the work was 87.8% completed within the period allotted for performance, as extended, plaintiff offered nothing to show that at 87.8% completion the road was in any way serviceable; and that the petition should be dismissed. Upon consideration of defendant’s motion that the court adopt the recommended decision as the basis for its judgment in this case, and since the court agrees with the decision, on September 25,1973, by order, the court granted defendant’s motion and adopted the decision as the basis for its judgment in this case, concluded that plaintiff is not entitled to recover and dismissed the petition.